## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.P.

No. 17-0617 (Kanawha County 16-JA-479)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.P., by counsel Elizabeth G. Kavitz, appeals the Circuit Court of Kanawha County's June 13, 2017, order terminating her parental rights to A.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her an improvement period before terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner that alleged the child tested positive for cocaine at birth and that petitioner tested positive for cocaine and amphetamines. Additionally, the petition alleged that petitioner previously had her parental rights to three older children involuntarily terminated in 2009. Petitioner later failed to appear at the preliminary hearing, although she was represented by counsel. Based on the evidence, the circuit court ratified the DHHR's emergency custody of the child.

In December of 2016, the circuit court held an adjudicatory hearing, during which petitioner admitted to abusing drugs during her pregnancy. Based upon this admission, the circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period. The circuit court held this motion in abeyance, pending petitioner's compliance with services offered in the interim. These services included parenting and adult life skills education; random drug screens; supervised visitation, dependent on clean drug screens;

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

and outpatient drug treatment until such time as petitioner could enroll in an inpatient treatment program. Also in December of 2016, petitioner provided discovery that included evidence that she participated in outpatient substance abuse treatment pending enrollment in inpatient therapy.

In February of 2017, the circuit court held a hearing, prior to which petitioner filed motions for a post-dispositional improvement period or, in the alternative, to hold disposition in abeyance. During the hearing, petitioner indicated that she and her service providers were not getting along and that her providers did not contact her. Contrary to this assertion, one service provider testified to petitioner's hostile response to being reminded of drug screens and indicated that providing petitioner written confirmation of her services did not result in her compliance. When the circuit court asked petitioner why she had not complied with drug screens, she indicated that it was due to her service provider failing to provide her services and went on to indicate that she would not comply with services if offered from this particular provider. Ultimately, the circuit court told petitioner it would grant her another opportunity to comply with services.

In April of 2017, the circuit court held a dispositional hearing, during which both the DHHR and the guardian recommended termination of petitioner's parental rights due to noncompliance with services. Petitioner renewed her motions to either grant her a post-dispositional improvement period or hold disposition in abeyance. The circuit court, however, denied these motions. Further, the circuit court heard evidence of petitioner's failure to submit to drug screens, enter inpatient rehabilitation services, visit the child, or comply with parenting and adult life skills education. The circuit court then terminated petitioner's parental rights upon findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the child's welfare.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to the DHHR, both parents' parental rights were terminated below. The parties further indicate that the child is placed in a foster home with a permanency plan of adoption therein.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motions for improvement periods prior to terminating her parental rights. In support, petitioner argues that the DHHR had a duty to make reasonable efforts to achieve the reunification of her family. She further argues that granting her an improvement period would have been the appropriate way to achieve reunification, especially given that she was complying with services by participating in a rehabilitation program. We do not agree.

First, petitioner ignores the fact that the petition in this matter alleged aggravated circumstances due to the prior involuntary termination of her parental rights to older children, a fact that she does not challenge. While it is true that the DHHR has a statutory duty to make reasonable efforts to preserve families in abuse and neglect proceeding, West Virginia Code § 49-4-604(b)(7)(C) provides that

> [f]or purposes of the court's consideration of the disposition custody of a child pursuant to this subsection, the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parental rights of the parent to another child have been terminated involuntarily[.]

As set forth above, petitioner does not challenge the allegation that her parental rights to three other children were involuntarily terminated in separate abuse and neglect proceedings in 2009. As such, it is clear that the DHHR in this matter was not required to make reasonable efforts to preserve the family.

Despite this fact, the circuit court below specifically gave petitioner multiple opportunities to show her compliance with services offered in order to establish that she would be likely to fully comply with the terms and conditions of either a post-adjudicatory or post-dispositional improvement period, which is a requirement to obtain the same. *See* W.Va. Code §§ 49-4-610(2)(B) and (3)(B). Despite these opportunities, petitioner failed to comply with the services offered and instead chose to blame her lack of compliance on a personal dislike of the provider. While petitioner did submit evidence of her compliance with outpatient substance abuse treatment, that was only one of the services with which she was required to comply. The overwhelming evidence established that she failed to comply with visitation, parenting and adult life skills education, drug screens, and inpatient substance abuse treatment.

In addressing improvement periods, we have held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully

participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Because the evidence below showed that petitioner failed to comply with the services offered, we find no abuse of discretion in the circuit court's denial of petitioner's motions for improvement periods.

Further, this same evidence supports the circuit court's termination of petitioner's parental rights. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

As set forth above, substantial evidence established that petitioner failed to respond to the services offered. Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. Moreover, the circuit court made findings addressing how the child's best interests required termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings.

We have also held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604]. . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the record is clear that the circuit court had ample evidence upon which to base its findings, we find no error in the termination of petitioners' parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker